881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Nathaniel CARLTON, Plaintiff-Appellant,
v.
Samuel MANN; City of Detroit Police Department; Douglas
Baker; Renee Cooper; John C. Mouradian; Doyle
Gause; Craig S. Strong, Defendants-Appellees.
 No. 88-2082.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1989.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Edward Nathaniel Carlton, a pro se Michigan prisoner, appeals the district court's order dismissing this civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Carlton, sought monetary damages from defendants, the Detroit police department, the Michigan trial court judge, the prosecuting attorney, the public defenders, and a private party witness, all of whom participated in Carlton's arrest and successful prosecution on charges of armed robbery. Carlton alleged that: (1) the defendants conspired to cover-up the mistaken identity of Carlton as the perpetrator of an armed-robbery; (2) evidence was introduced at his trial which had been previously suppressed as the product of an illegal search and seizure, and (3) the prosecutor destroyed the transcript of the suppression hearing before the stenographers could produce it.
 
 
 5
 After considering Carlton's complaint and the accompanying affidavits, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Carlton has timely appealed the dismissal to this court.
 
 
 6
 Upon review of the files and records, we conclude that Carlton's complaint lacks an arguable basis in either law or fact and thus, was properly dismissed as frivolous. Neitzke v. Williams, 109 S.Ct. 1827 (1989).
 
 
 7
 To maintain a suit under 42 U.S.C. Sec. 1983, a plaintiff must show that a "person" acting under color of state law deprived him of a right secured by the Federal Constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 533 (1981). An analysis of the applicable law and facts alleged in Carlton's complaint shows that he cannot satisfy these requirements.
 
 
 8
 First, the Michigan trial court judge, the prosecuting attorney, and the private party witness are absolutely immune for the actions which form the basis of Carlton's claims. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Briscoe v. La Hue, 460 U.S. 325, 345-46 (1983).
 
 
 9
 Second, the public defenders were not acting under color of state law during their representation of Carlton. Polk County v. Dodson, 454 U.S. 312, 324-25 (1981).
 
 
 10
 Third, no valid claim under Sec. 1983 exists with regard to the Detroit police department because the police did not deprive Carlton of a constitutional right pursuant to departmental custom or policy. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690 (1978); Yancey v. Carroll County, No. 87-5898, slip op. at 8 (6th Cir. April 10, 1989). Carlton admitted in his complaint and again in his appellate brief that he was arrested while attempting to jump-start a stolen van. Under these circumstances, we conclude that the Detroit police had probable cause to arrest Carlton, and thus, committed no constitutional deprivation.
 
 
 11
 Fourth Carlton's allegation that the prosecuting attorney destroyed the transcript of the suppression hearing before the stenographer could produce it is a non sequitur.
 
 
 12
 Accordingly, the district courts dismissal of Carlton's suit is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation